FILED
JUL 0 2 2009
CLERK

## UNITED STATE DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| CONRAD PEROVICH,<br>      Plaintiff,<br><br>v.<br><br>CUNA MUTUAL GROUP and<br>CUNA MUTUAL INSURANCE<br>SOCIETY,<br>      Defendants. | File No. Civ. 09-5060<br><br>**COMPLAINT** |

COMES NOW the Plaintiff, by and through his attorneys Jim Leach and Mike Abourezk, and hereby states as follows:

### PARTIES AND JURISDICTION

1. Conrad Perovich (hereinafter referred to as Perovich) is a citizen of South Dakota.

2. Defendants (hereinafter referred to as CUNA) are citizens of a state other than South Dakota.

3. The amount in controversy is in excess of $75,000, exclusive of interest and costs.

4. The Court has jurisdiction pursuant to 28 U.S.C. § 1332, Diversity of Citizenship.

### FACTS

5. Perovich is 65 years old and has worked for the Cement Plant in Rapid City for over 30 years.

6. On or about January, 9, 2007, Perovich developed problems with dizziness, breathing, and pain, which interfered with his ability to complete his 12 hour shifts as a crane operator.

7. Over the next several months, Perovich's physicians at the Veterans Administration facility issued work releases while attempting to diagnose and treat his health problems.

8. His physicians at the VA released Perovich to return to light duty part-time work in August, 2007, and released him to return to full time 12 hour shifts on January 11, 2008.

9. During his period of disability Perovich did not recall that years earlier while taking out loans at Dacotah Federal Credit Union, he purchased credit disability insurance issued by CUNA.

10. The Credit Union included the premium fees in his monthly payment amounts, and Perovich forgot he had the coverage in place during the months of his disability in 2007-2008.

11. The certificates of credit disability insurance, issued by CUNA, provided for monthly cash benefits payable if Perovich was unable to perform the duties of his occupation because of a medically determined sickness or injury.

12. Several weeks after his return to work full time Perovich discovered that his loans were insured by CUNA's credit disability insurance.

13. On or about February 28, 2008, Perovich submitted a claim to CUNA for credit disability coverage relating to the time period between January 9, 2007 and January 11, 2008.

14. On March 17, 2008, CUNA denied Perovich's claim on the basis that he had not filed for benefits within the time frame allowed under the certificate of insurance.

15. However, Perovich did in fact file well within the time frame allowed by the certificate of insurance, which says that proof of loss must be submitted within 90 days of when the claimant's disability stops, and subsequently, the claimant still has 12 months after that in which to file proof of loss.

16. CUNA has engaged in a pattern of making false representations in order to avoid paying disability benefits, and has committed this same deception on many other victims.

17. Additionally, in denying Perovich's claim, CUNA violated South Dakota law which prohibits insurance companies from disallowing claims on the basis of late notice or late proof of loss where the company suffers no prejudice as a result.

18. CUNA has engaged in a pattern and practice of intentionally ignoring the law in South Dakota, as well as many other states, and routinely denies claims on the basis of late notice without any evidence of prejudice to CUNA. It has committed this act of deception against many other victims.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

19. Plaintiff re-alleges paragraphs 1 through 18 above, and incorporates the same as though set forth at length.

20. By its actions, CUNA has breached the certificate of credit disability insurance.

21. As a direct and proximate result of CUNA's breach of the certificate of

credit disability insurance, Perovich has sustained damages consisting of monthly loan payments on three different loans in the approximate amount of $4, 749.00, plus interest and loss of use of the money, in a total amount which will be proven at the time of trial.

## SECOND CAUSE OF ACTION – BAD FAITH

22.     Perovich re-alleges paragraphs 1 through 21 above, and incorporates the same as though set forth at length.

23.     CUNA denied contract benefits in the absence of a reasonable basis for denial, and either knows or should know that there is no reasonable basis for denial, or acted in reckless disregard of the lack of the existence of a reasonable basis to deny the claim.

24.     CUNA has failed to conduct a reasonable investigation, and has failed to give equal consideration to the interests of Perovich.

25.     CUNA's actions contributed and caused additional financial difficulty, as well as emotional upset, anxiety, distress, worry, and concern.

## THIRD CAUSE OF ACTION – FRAUD

26.     Plaintiff re-alleges paragraphs 1 through 25 above and reincorporates the same as though set forth at length.

27.     CUNA intentionally misrepresents the conditions of its certificate of insurance and omits material facts when it routinely tells claimants, as it told Perovich, that CUNA is unable to consider the claim because it was filed outside the time allowed by the certificate of insurance when in fact this is not the case and CUNA knows it is not

the case. CUNA omits the material facts that the policy does not actually require a claim to be filed within 12 months of when the disability first begins, as well as the fact that the law in South Dakota, and most other states, does not allow denial of a claim based on late notice unless the insurance company has been actually prejudiced.

28.  Perovich relied to his detriment on CUNA's false representations and omissions of material fact by not further pursuing his claim for many months, until later learning of CUNA's fraud.

29.  However, many other victims have never been made aware of CUNA's fraud, and CUNA has continued to victimize unknowing and unsuspecting credit union members on an ongoing and regular basis.

## **PUNITIVE DAMAGES**

30.  CUNA's actions have been committed deliberately and intentionally, with malice, oppression, fraud, and reckless disregard for the rights of Perovich and others.

31.  An assessment of punitive damages is necessary in order to punish CUNA, deter CUNA, and provide an incentive to discontinue its practice of bad faith, fraud, and swindling of vulnerable individuals with disabilities.

WHEREFORE, Perovich requests judgment in the form of compensatory damages in an amount to be proven by the facts at trial, and punitive damages also in an amount judged appropriate under the circumstances and as indicated by the evidence at trial.  Plaintiff asks for judgment for costs, prejudgment interest, attorneys fees, other disbursements as appropriate, and for such other and further relief as the Court may deem equitable and just under the circumstances.

PLAINTIFF ALSO REQUESTS TRIAL BY JURY.

Dated this _2_ of July, 2009.

By: _____

Mike Abourezk
Abourezk Law Firm
P.O. Box 9460
2020 W. Omaha
Rapid City, South Dakota 57709
(605) 342-0097 tel
(605) 342-5170 fax
mike@abourezk.com

James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, South Dakota, 57709
(605) 341-4400 tel
(605) 341-0716 fax
jim@southdakotajustice.com

Attorneys for the Plaintiff