UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| CONRAD PEROVICH, | ) | CIV. 09-5060 |
|---|---|---|
| Plaintiff | ) ) ) | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY |
| vs. | ) ) | [DOCKET 16] |
| CUNA MUTUAL GROUP and CUNA MUTUAL INSURANCE SOCIETY, | ) ) ) ) ) | |
| Defendants. | ) | |

**INTRODUCTION**

Plaintiff Conrad Perovich seeks an order compelling defendants Cuna Mutual Group and Cuna Mutual Insurance Society (collectively "Cuna"), to produce discovery in response to Plaintiff's Motion to Compel Documents. [Docket No. 16]. Defendants resist the motion. [Docket No. 23]. The motion was referred to this magistrate judge for resolution by the Honorable Jeffrey L. Viken, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A). [Docket No. 19]. As detailed herein, Plaintiff's Motion to Compel Discovery is granted.

**FACTS**

The facts, insofar as they are pertinent to the present motion, are as follows. On July 2, 2009, Conrad Perovich filed the present law suit against Cuna, alleging breach of contract and bad faith denial of benefits under a

credit disability insurance policy issued to Perovich by Cuna. Docket No. 1. The district court ordered the parties to confer pursuant to Federal Rule of Civil Procedure 26(f). Docket No. 10. Among other requirements under the Rule, the parties were to make or arrange for the disclosures required by Rule 26(a)(1). Id. The parties met in the office of Mr. Perovich's counsel on September 2, 2009. Docket No. 12. Afterward, the parties expressed in their report to the court that Mr. Perovich would complete all prediscovery disclosures required by Rule 26(a)(1) by September 17, 2009. Id. at ¶ 10. The parties reported that Cuna would complete its prediscovery disclosures by October 1, 2009. Id.

Mr. Perovich alleges in the present motion that Cuna has failed to comply with its obligations under Rule 26(a)(1), in that it has not disclosed potentially applicable insurance policies in existence after August 1, 2007. Cuna asserts that the sample liability insurance policy it provided on October 2, 2009, is the only responsive policy for the present matter. Docket No. 23. Cuna admits that policies dated after August 1, 2007 exist, but has declined to provide those policies on grounds that the single already-produced sample policy applies, and later policies do not. Id.

## DISCUSSION

This court believes the present dispute is best resolved by looking to both Rule 26 and the express language of the sample policy produced by Cuna.

2

Rule 26(a)(1)(A)(iv) provides that a party must disclose "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). The insurance agreements shall be made available for inspection and copying even in the absence of a discovery request. Id. The requirement is subject to various exemptions under Rule 26(a)(1)(B) which are inapplicable here. Id.

In a diversity action, such as this one, the court's interpretation of an insurance policy is controlled by state law. St. Paul Fire & Marine Ins. Co. v. Med. X-Ray Ctr., 146 F.3d 593, 594 (8th Cir.1998). Under South Dakota law, the interpretation of an insurance contract is a question of law. Zochert v. Nat. Farmers Union Property, 576 N.W.2d 531, 532 (S.D. 1998). The policy must be construed as a whole, and the court must interpret the policy language in a manner consistent with the plain meaning and effect of its words. O'Daniel v. NAU Country Ins. Co., 427 F.3d 1058, 1060 (8th Cir. 2005) (quoting Nat'l Sun Indus., Inc. v. South Dakota Farm Bureau Ins. Co., 596 N.W.2d 45, 48 (S.D. 1999). Moreover, the scope of liability insurance is determined from the contractual intent and objectives of the parties as expressed in the policy, and the court may not seek out a strained or unusual meaning for the benefit of the insured. Allied Mut. Ins. Co. v. Dakota Rose, Inc., 43 F.Supp.2d 1081, 1084-

85 (D.S.D. 1999); see Fort Pierre v. United Fire and Cas. Co., 463 N.W.2d 845, 848 (S.D.1990).

On October 2, 2009, Cuna provided to plaintiff's counsel a "Professional Indemnity/Fiduciary Liability Policy" issued to Cuna by AON Professional Risks. Docket No. 17-5. Cuna asserts that this single policy is the only responsive policy for the present matter. Docket No. 23. Cuna relies on Clause 4(C) of the liability policy, which purports to group together multiple claims involving a single "wrongful act or interrelated wrongful acts" as constituting a single claim.[1] Docket Nos. 23, 17-5, § 4(C). Clause 4(C) sets the date on which the single claim shall be deemed to have been made as "(1) the time at which the earliest Claim involving the same wrongful act or interrelated wrongful acts is first made, or (2) the time at which the claim involving the same wrongful act or interrelated wrongful acts shall be deemed to have been made pursuant to Clause (6) Notification B. of this policy." Id. Clause 4(C) does not explain whether multiple claims are those filed by a single claimant, or whether the claims include claims from multiple claimants. However, 4(C) falls under a section entitled "Limit of Liability, Retentions and Date of Claim." It is clear

---

[1] The policy defines a "Claim" as "any civil, criminal, judicial, administrative, or regulatory proceeding or investigation . . . , or any written demand for damages initiated against [Cuna] in which they may be subjected to a binding adjudication of liability for damages." Docket No. 48-5, § 2(D)(1) and (2).

4

upon a cursory reading of this section that it purports to restrict the underwriter's liability rather than expand it.

Furthermore, a close reading of the *entire* sample liability policy provided by Cuna demonstrates that it is inapplicable to Mr. Perovich's claim and does not fall within the purview of Rule 26(a)(1)(A)(iv) in this matter. The policy language obligates the underwriters to pay only those claims which were "first made during the Policy Period against the Company for a Wrongful Act" by Cuna or its employees. Docket No. 17-5, § 1(C). The policy expressly defines "Policy Period" as "the period from the effective date and hour of this Policy to the Policy expiration date and hour as set forth in Item B. of the Declarations, or its earlier cancellation date an hour, if any, or the end of the Optional Extension Period if purchased." Docket No. 17-5, § 2.P. Item B provides that the Policy Period extends from August 1, 2006, to August 1, 2007, "both days at 12:01 a.m. Local Standard Time at the Principal Address stated in Item A."[2] Docket No. 17-5.

This court does not believe the policy applies to Mr. Perovich's claim, and therefore cannot be the sole policy produced pursuant to Rule 26(a)(1)(A)(iv). The sample policy denotes a specific Policy Period of August 1, 2006 to August 1, 2007, but Mr. Perovich's claim was not filed until July 2, 2009. The underwriter, AON Professional Risks, expressly limited its obligation to pay for

---

[2]The local address listed in Item A is Cuna's offices in Madison, Wisconsin.

claims resulting from wrongful acts which were made outside the effective Policy Period.  See Docket No. 17-5, "Declarations."  The underwriter is not likely to have impliedly assumed the risk of a greater window of liability for claims resulting from Cuna's wrongful acts.  The language of the plan expresses that AON's liability is limited to a yearlong window or shorter, but in no instances longer than the specific Policy Period written into the policy.  Docket No. 17-5, § 2(P).

In sum, the court rejects Cuna's assertion that section 4(C) permits it to assign indemnification coverage to multiple claims by one claimant, or to single claims by multiple claimants, which claims were initially filed outside the Policy Period.  The court will not apply a strained construction of a single section of the policy for Cuna's benefit.  Dakota Rose, 43 F.Supp.2d at 1084-85.

## CONCLUSION

Based on the foregoing discussion, it is hereby

ORDERED that plaintiff Conrad Perovich's second motion to compel discovery [Docket No. 18] is granted.  Defendants Cuna shall provide all of the insurance policies under which it may be liable to satisfy all or part of a possible judgment in this action, or to indemnify or reimburse for payments made to satisfy the judgment, from January 1, 2003, to the present.  Cuna shall produce the documents by December 24, 2009.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Id. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated November 25, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE